<div style="text-align:center">

**DAVID K. BERTAN**
ATTORNEY AT LAW
41 EAST 11TH STREET, 11TH FLOOR
NEW YORK, NEW YORK 10003

(718) 742-1688
E-MAIL: DBERTAN@YAHOO.COM

</div>

February 28, 2023

*Via ECF (with exhibits)*

Hon. Analisa Torres, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    USA v. Michael Fernandez 18-Cr-689 (AT)

Dear Judge Torres:

    Michael Fernandez presents a conundrum to the Court. He grew up in a mostly middle-class environment, coddled and cared for by his mother, his mother's friend, and older siblings. By all accounts, his childhood and young adulthood were almost idyllic. He played little league baseball and was spoiled by his family; the only odd note in his history was his father's utter absence in his life. According to Michael, his parents' relationship ended because his father had too many children with women other than Michael's mother.

    Another odd note: when he was 16, Michael stopped living with his mother and siblings, instead sleeping at friend's houses. At that point, Michael joined the Bloods. He committed robberies, sold drugs, was arrested, and while incarcerated at Rikers Island, continued to commit violent acts as a member of the Bloods.

    In October of 2018, Michael was arrested and charged with conspiracy to distribute narcotics, and with possession of a firearm in furtherance of a

narcotics conspiracy under the above-referenced indictment. His co-defendant in that case was Ethan Cave.

[redacted]

The guidelines calculation is also detailed in the Pre-Sentence Report. In sum, Michael's total offense level is 40, he has one criminal history point, and is in Criminal History Category I. Under the advisory guidelines, Michael's sentencing range is 292-365 months.

[redacted]

[redacted]

[redacted]

[redacted]



Hon. Analisa Torres
February 28, 2023
Page 3 of 8



       In determining an appropriate sentence, a court must consider the factors set forth in 18 USC § 3553 (a) (1) and (2).  Those factors include the nature and circumstances of the offense, and the history and characteristics of the defendant.  The other factors include the seriousness of the offense, promote respect for the law, and provide just punishment; to provide deterrence; to protect the public from further crimes of the defendant, and to provide the defendant with any needed rehabilitative programs.



**The § 3553 (a) Analysis**

    With regard to the first factor under § 3553 (a)(1), namely, the nature and circumstances of the offense, there is little question that Michael's admitted crimes are serious.  Indeed, going by a straight guidelines analysis, the seriousness of the crimes puts Michael in prison for decades.  However, not every case deserves such a lengthy sentence.

    With regard to Michael's history and characteristics, the Court should note that by the age of 16, Michael had completely turned to the Bloods as his family.  Sadly, doing so put Michael into a world where crime was the norm; in order to fit in, he too began selling drugs, and committing other, sometimes violent, crimes.  However, as Michael's actions after his arrest, he is

redeemable, and has the potential and motivation to stay away from gang life, and crime, going forward.



While incarcerated, Michael has taken advantage of whatever courses and classes MDC made available to him.  Even though much of his stay at MDC was under COVID quarantine conditions, he nonetheless studied Chess, card making, diabetes care, eating smart, maintaining a health journal, maintaining a leisure and recreation journal, and weight management.  He also received certificates in Responsible Thinking, Blood Pressure Management, Sportsmanship, and Personal Growth.  Copies of his MDC transcript and certificates are attached as an exhibit.

While Michael's history has not changed, his characteristics have undergone a major transformation.  Michael sent a letter to ▮▮▮▮▮ that provides the most significant evidence of his maturation.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In that plan, Michael detailed the friends and family who are willing to help him with places to live and work. He has opportunities with his brother Gary, his fiancé can help him with a job at Con Ed, he has a potential doorman job available to him, and he wants to go to trade school to get his barber's license (a family friend has a spot for him at their barber shop). Michael also plans on attending job fairs, and has learned of free vocational training opportunities that could enable him to find jobs as a cable technician, woodworker, or even as a production assistant in the film and TV industries.

Michael further writes that he will be attending a daily program called the DOE fund, which helps ex-offenders with mentoring, job search, and substance abuse counseling. He has several options available as to where he will live. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Given the foregoing, it is apparent that Michael's "characteristics" have changed dramatically from when he was first arrested. He sees what he needs to do, has a focused and detailed plan, and wants desperately to show ▓ ▓▓▓▓▓▓▓▓▓ this Court, that he will become a regular, productive person.

The second set of factors also support a sentence of time served. With regard to the seriousness of the offense, as noted above, the crimes are extremely serious. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



In terms of specific deterrence, Michael's life plan letter shows that he is sufficiently deterred from future criminal conduct. He knows the potential sentences he faced as a result of his conduct: any further criminal activity would generate even harsher sentences as a result of the convictions in this case. More significantly, Michael has recognized that his criminal activities led nowhere but jail. He now has a detailed plan, with familial support, that motivates him. Specific deterrence is no longer an issue for Michael.

The final § 3553 (a) factor is rehabilitation. As with deterrence, this factor is a non-issue for Michael. The courses he's taken at MDC are telling evidence of his investment in his own rehabilitation. His life plan shows he knows what he needs to do and that he has secured the resources necessary to complete his rehabilitation. A sentence of time served, with a term of supervised release, will provide Michael with the opportunity and support to continue his rehabilitative journey.



Hon. Analisa Torres
February 28, 2023
Page 7 of 8



██████████████████████████████████████████████████████

██████████████████████████████████████████████████ He has also seen the harm his conduct has caused, and has created a detailed plan for moving forward without being involved in criminal activity. He now asks for a reasonable sentence. We now ask for a sentence of time served, which will allow Michael Fernandez to carry out his plans.

Under the circumstances of this case, given Michael's ██████ ██████████████████████ full acceptance of responsibility, and his successful efforts at rehabilitation while in jail, the requested sentence of time served would be sufficient, but no more than necessary, to promote the ends of justice and provide fair punishment.

Very truly yours,

David K. Bertan, Esq.

cc: AUSA Adam Hobson (via e-mail)