USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MICHAEL FERNANDEZ,

Defendant.

18 Cr. 689-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Michael Fernandez's request for early termination of supervised release, *see* ECF No. 106, is granted. As a preliminary matter, Fernandez moves under 18 U.S.C. § 3564(c) to terminate probation, but he is serving a five-year term of supervised release, and the Court, therefore, construes his motion as requesting termination of supervised release under 18 U.S.C. § 3583(e)(1). *See* Judgment. The Government consents to Fernandez's request.

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Subsection 3583(e)(2) "requires the [C]ourt, as it decides whether or how to modify the conditions of supervised release, to consider many of the same factors that it is required to consider in originally imposing a sentence upon a convicted defendant." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and the various objectives of sentencing, including the need to protect the public from further crimes of the defendant and to deter future criminal activity. *See id.* Courts should also consider whether "new or unforeseen circumstances" render "a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* at 36. These circumstances may include "exceptionally good behavior," *id.*, or employment disadvantages to remaining under supervision, *see United States v. Harris*, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010).

Here, Fernandez has demonstrated exceptionally good behavior, and the applicable § 3553(a) factors, on balance, counsel in favor of terminating supervised release. The Court reviewed the § 3353(a) factors on the record at Fernandez's March 21, 2023 sentencing. At the time, the undersigned concluded that the factors warranted a below-Guidelines sentence of time served, followed by five years of supervised release.

Since then, Fernandez has not only complied with the terms of his supervised release, *see* ECF No. 106 at 2, but has played a meaningful role in his community by advising young people on how to stay away from criminal behavior, *id.* at 1, and by serving as an "exceptional employee" of a family shelter where he "consistently demonstrates a genuine desire to help others," ECF No. 106-2 (supervisor's letter of support). He has also maintained a "stable, positive home environment" for his family, despite personal tragedy. *See* ECF Nos. 106, 106-1 (sister-in-law's letter of support). The Court notes that the Government consents to early

termination, supporting the conclusion that continued supervision is unnecessary for public safety or deterrence purposes. *See* ECF No. 106 at 2. Finally, restrictions on travel are preventing Fernandez from attending job training and family opportunities. *Id.* at 1–2.

Based on the Government's consent, the applicable § 3553(a) factors, Fernandez's compliance with supervised release terms, and his exceptionally good behavior, the Court concludes that termination of supervised release is warranted. *See Lussier*, 104 F.3d at 36.

Fernandez's supervised release is TERMINATED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 106.

SO ORDERED.

Dated: August 20, 2026
New York, New York

ANALISA TORRES
United States District Judge